10-60111.or1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-60111-CIV-ALTONAGA-BROWN

BARBARA FAWCETT, a/k/a
BARBARA LETTERESE,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

## ORDER GRANTING MOTION TO QUASH

This matter is before this Court on non-party's Motion to Quash...(D.E. 19). The Court has considered the motion, the Opposing Memorandum, and considered all pertinent materials in the file.

Viewed in a light most favorable to plaintiff there are two fatal flaws in plaintiff's position. The first is that discovery sought by this subpoena appears to be the same documents that are the subject of the litigation itself. Thus these requests are either redundant or an attempt at an "end run" around the lawsuit plaintiff, herself, filed, which is not permitted. See e.g. Pollard v. F.B.I., 705 F. 2d 1151, 1154 (9th Cir. 1983). Plaintiff attempts to distinguish the case of Florida Immigrant Advocacy Center v. National Security, 380 F. Supp 1332 (S.D. Fla. 2005), by saying "plaintiff [in that case] was attempting to obtain information to which it is clearly not entitled based on exemptions. That is not the case here."

Plaintiff misses not one, but two points: (1) the first argument (that the issue was information to which plaintiff was not entitled) has nothing to do with the question of discovery. The case law cited by Judge Gold on the issue of discovery in these kinds of cases is ignored in the opposition memorandum; and (2) even if plaintiff were somehow correct as to the relevance of point one,

exactly who (other than plaintiff, or course) has determined that "[T]hat is not the case here"? It is that determination that is at issue here and will be determined by the Court - not simply stated as law by plaintiff.

The second fatal flaw is that plaintiff admits that this subpoena is for documents to use in another case. No law has been cited that a party in one case can conduct discovery for use in another case. While the lawsuit itself deals with documents allegedly needed for another case, that lawsuit will not be resolved by requests for discovery and/or subpoenas.

If plaintiff wishes to file a motion for summary judgement or judgment on the pleadings, plaintiff is free to do so. What plaintiff is not free to do is to send document requests or subpoenas to circumvent the lawsuit she, herself, has filed.

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of May, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
      Counsel of record